UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMIAN WHEELER,

    Plaintiff,

vs.

    Case No. 18-CV-10346
    HON. GEORGE CARAM STEEH

RICHARD BILLINGSLEA,
and HAKEEM PATTERSON,

    Defendants.

_____/

**ORDER RE PARTIES' CROSS-MOTIONS**
**<u>IN LIMINE</u> (ECF NO. 29, 30, 31, 32)**

On August 5, 2019, the court held a hearing on the parties' cross-motions *in limine*. For the reasons stated on the record, IT IS ORDERED that:

    A.    Plaintiff's motion *in limine* to preclude Defendants' proposed expert Steven Ashley from testifying (ECF No. 29) is DENIED AS MOOT per Defendants' stipulation that they will not be calling him as a witness.

    B.    Plaintiff's motion *in limine* to prohibit statements, arguments, testimony, and introduction of evidence of plaintiff's social media, police reports, activity logs, schedules, notes, documentation from date of incident and alleged investigation by City of Detroit including content of video and

audio tapes and recorded statements of Plaintiff and Rondell Miller (ECF No. 30) is DENIED.

C. Plaintiff's motion *in limine* requesting sanctions for spoliation of evidence including an adverse inference instruction (ECF No. 31) is DENIED WITHOUT PREJUDICE. The court notes that the record is not fully developed as to the handling of the video evidence, and the court may revisit its decision depending on how the proofs are admitted at trial, and may require an evidentiary hearing.

D. Defendants' motion *in limine* (ECF No. 32) is GRANTED IN PART and DENIED IN PART as follows:

1. Defendants' motion *in limine* to exclude reference to Officer representation and indemnification is GRANTED.

2. Defendants' motion *in limine* to exclude reference to newspaper articles and other media reports or television broadcasts regarding unrelated incidents involving allegations of police misconduct, consent decree, or police/public relations or perceptions generally is TAKEN UNDER ADVISEMENT pending the parties working together to tailor the television broadcast video so that the evidence pertaining solely to the issue of identification may be presented, but the prejudicial nature of the claimed excessive force in other incidents be sanitized. It is possible that

Defendants' suggestion that a screen shot from the television broadcast be used may satisfy the court's concerns that while the issue of identification is at stake, the prejudicial nature of the broadcasts is very high.

3. Defendants' motion *in limine* to exclude reference to past or subsequent officer misconduct, citizen complaints, disciplinary history, misconduct investigations and administrative, legislative or judicial hearing transcripts or recordings, and findings or judgments is TAKEN UNDER ADVISEMENT. The court recognizes that some evidence may be relevant under Federal Rule of Evidence 404(b), but the risk is great that jurors will improperly assess this evidence to show that Defendants acted in conformity with their alleged past conduct. In reaching a final determination as to whether the evidence is admissible, the court will consider a possible curative instruction, and at the same time, the court will entertain proposals for tailoring the evidence to cover permissible reasons for admitting the evidence under Rule 404(b), while trying to minimize the prejudicial effect.

4. Defendants' motion *in limine* to exclude reference to race relations and law enforcement is TAKEN UNDER ADVISEMENT.

5. Defendants' motion *in limine* regarding statements to law enforcement is TAKEN UNDER ADVISEMENT.

6. Defendants' motion *in limine* regarding the location of Plaintiff's arrest is DENIED WITHOUT PREJUDICE.

7. Defendants' motion *in limine* to exclude expert witness testimony is DENIED as Plaintiff's treating physicians may testify without producing an expert report, but specific objections as to the scope of that testimony may be addressed at trial depending on how the proofs are presented.

8. Defendants' motion *in limine* to exclude punitive damages is DENIED WITHOUT PREJUDICE.

9. Defendants' motion *in limine* regarding the golden rule is DENIED AS MOOT per Plaintiff's stipulation.

10. Defendants' motion *in limine* regarding the value or importance of constitutional rights is DENIED WITHOUT PREJUDICE.

11. Defendants' motion *in limine* to exclude Defendant Officer Richard Billingslea's subsequent conviction for a felony is GRANTED IN PART and DENIED IN PART in that it may be used only as impeachment evidence under Federal Rule of Evidence 609, conditioned on proof that Defendant has been convicted of a felony and not a misdemeanor.

12. Defendants' motion *in limine* to exclude argument about a police "code of silence" is GRANTED WITHOUT PREJUDICE.

13. Defendants' motion *in limine* to exclude reference to video evidence as having been disposed of is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated: September 5, 2019

                                  s/George Caram Steeh
                                  GEORGE CARAM STEEH
                                  UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 5, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk